## CHARLES SWEENEY, Plaintiff in error,

*v.*

## E. H. JAMIESON, E. H. BOYER, and W. P. WOLVERTON, Defendants in error.

When S. contracted to furnish J. brick sufficient to construct a building, at Spokane Falls, at a given price per thousand, but violated the contract, J., in an action for breach of contract, is entitled to recover the difference between the contract price, and what he was compelled to pay for brick necessary to complete the building.

And if in this contract, S. agreed to furnish a superior quality of brick, for the purpose of lending ornament to the front of the structure, which he failed to do, and J. was compelled, by reason of such failure, to place inferior brick in the front of the building, J. would be entitled to recover as damages the amount of the lessened value of the building occasioned by the inferior brick; but if upon the failure of S., J. made no attempt to procure such superior brick, and changed the plan of the front of his building, then he would not be entitled to additional damages.

ERROR, to First Judicial District, holding terms at Cheney.

*C. G. Bradshaw, J. F. Parke,* and *Thomas C. Griffiths* for Plaintiff in error.

*John B. Allen,* of Counsel.

It was immaterial what plaintiffs paid for brick to complete the building. (Sedgwick on Damages, 5th ed., Sec. 260, pp. 291, 292; Sedgwick on Damages, 5th ed., Sec. 279, pp. 310, 311.)

The inquiry should have been as to the market price of brick at the *place* of delivery, at the time delivery should have been made under the contract. (Sedgwick on Damages, 5th ed., Sec. 279, pp. 310, 311; Sedgwick on Damages, 5th ed., Sec. 260, pp. 291, 292; *Kountz* v. *Fitzpatrick*, Sedgwick Leading Cases on the Measure of Damages, p. 518; *Gregory* v. *McDowell*, 8th Wendell, 435; J. G. Southerland on Damages, Vol. 2, pp. 368, 369; J. G. Southerland on Damages, Vol. 1, p. 82; J. G. Southerland on Damages, Vol. 1, p. 151.)

The Court erred in admitting testimony as to damages to the appearance of the building. (*Mitchell* v. *Allison*, 29 Indiana, 43; *Morehouse* v. *Mathews*, 2 New York, 514; Rogers on Expert Testimony, 28, Sec. 30; *Bush* v. *Jones*, 2d Tennessee Chancery Reports, 190; *Prosses* v. *Woppelo Co.*, 18 Iowa, 327.)

The witness should have been asked the value of the building as completed, and the value of the building if it had been completed with pressed or faced brick.    The subtraction is for the jury.

Any difference between the artistic or esthetic *appearance* of the building as completed, and what, in the opinion of witnesses, would have been the *appearance* of the building if it had been finished with faced or pressed brick, is not a proper element of damage. (*Bush* v. *Jones*, 2d Tenn. Chancery Reports, 190 ; *Academy of Music* v. *Hackett*, 2d Hilton, N. Y. 217 ; *Portland* v. *Middleton*, 265, Sedgwick's Leading Cases on Measure of Damages; J. G. Southerland on Damages, Vol. 1, pp. 74, 76, 77 ; J. G. Southerland on Damages, Vol. 1, pp. 150, 152 ; *Hamilton* v. *McPherson*, Sedgwick's Leading Cases on Measure of Damages, 165 ; J. G. Southerland on Damages, Vol. 1, p. 195 ; *Vedder* v. *Hildreth*, 2 Wis. 427.)

The measure of damages, upon the pleadings and evidence in this cause, was the difference between the contract price of the bricks actually used to complete the building after the breach of contract by defendant, and the market price thereof at the place of delivery, at the time when by the terms of the contract the brick should have been delivered by defendant. (*Kountz* v. *Fitzpatrick*, Sedgwick's Leading Cases on Damages, 518, 519; J. G. Southerland on Damages, Vol. 2, 368, 369 ; *Miller* v. *Mariner's Church*, 238, 239 ; Sedgwick's Leading Cases on Damages; J. G. Southerland on Damages, Vol. 1, pp. 17, 18, 149, 155.)

Instructions containing pure abstract propositions of law, without any evidence to support them, are calculated to mislead the jury, and should not be given. (*Stein* v. *The City, etc.*, 41 Iowa, 353 ; *McNair* v. *Platt*, 46 Ill. 211 ; *Chicago & Alton Railroad Co.* v. *Utley*, 38 Ill. 410 ; *Graves* v. *Colwell*, 90 Ill. 612 ; *Chesney* v. *Meadows*, 90 Ill. 430.)

*Andrews & Jones*, for Defendant in error.

The plaintiff in error is not entitled to review any part of the action of the Court below, except upon the point that the damages awarded by the jury are excessive, and apparently given under the influence of prejudice ; for the reason that the points

and grounds upon which he relies are not stated in his motion for a new trial. (Code of Washington, Secs. 278, 281, 449; Hilliard on New Trials, 21; Sec. 2, and note; Hilliard on New Trials, 28, Sec. 10; *Wall* v. *Preston,* 25 Cal. 59; *Judd* v. *O'Brien,* 21 N. Y. 190; *Belknap* v. *Sealey,* 14 Id., N. Y. 148; Wait's Practice, Vol. 4, 230, 231.)

Further, the justification of the surety is two days prior to the pretended execution of the bond.

All this is fatal. (*Langley* v. *Warner,* 1 N. Y. 237; 4 Wait's Practice, 327.)

Without waiving any of the foregoing points, and in answer to the appellant's brief, the appellees submit the following points:

1st. The Court committed no error in admitting the testimony of Jamieson, as stated in the first assignment of error.

The plaintiff had a right to show a subsequent agreement as to the place of payment. (*Stearns* v. *Hall,* 9 Cushing, 31; *Bakers* v. *Whitesides,* 12 Am. Dec. 168; *Cummings* v. *Arnold,* 37 Ibid. 155; *Dockham* v. *Smith,* 18 Am. Rep. 495; S. C., 113 Mass. 49; 1 Greenleaf on Evidence, Redfield's ed., Sec. 304, note 1.)

In the replication will be found an allegation of the agreement as to the place of payment.

The objection taken at the trial as to what George Brandt said to Jamieson was, that the testimony was " irrelevant and immaterial "—hearsay, and we object to a discussion from any other standpoint. (1 Greenleaf on Evidence, Redfield's edition, Secs. 99, 100.)

Sweeney accepted the money paid to Brandt, and subsequently on three several occasions called at Jamieson's office and received money under the contract in the same way that Brandt had agreed.

Under the circumstances testified to, the plaintiff had a right to make the tender to Bunce for Sweeney. (2 Parsons on Contracts, 6th ed., 640 and note; 2 Greenleaf on Evidence, Redfield's ed., 3606 and note; 3 Phillips on Evidence, Cowen and Hill's and Edwards' Notes, 446, and American note 1048; 9 Bacon's Abridgment, Title " Tender," 327.)

Jamieson testified that the brick could not be procured at

Spokane Falls. Plaintiff had a right to procure brick at the nearest available place. (Sedgwick on the Measure of Damages, 5th ed., p. 310, note 1 ; *Grand Tower Company* v. *Phillips*, 23 Wallace, 479, 480; Benjamin on Sales, 23d ed., Sec. 879, note f.)

The defendant did not raise the objection at the trial, that Pruisse's testimony was *incompetent*, but that it was "irrelevant and immaterial."

There is a wide distinction between the two. (1 Greenleaf on Evidence, Redfield's edition, 2, 51 a.)

We object to any discussion on the question of incompetency.

However, such testimony is held to be competent and relevant. (Sedgwick on the Measure of Damages, 5th ed., top p. 695.)

If pressed brick could have been obtained elsewhere by appellant, it was his place to show it by evidence. (*Hamilton* v. *Mc-Pherson*, 28 N. Y. 76, 77 ; Sedgwick on the Measure of Damages, 5th ed., top p. 236 n ; *Parsons et al.* v. *Sutton et al.*, 66 N. Y. 96.)

Where an article is to be furnished for an express purpose, of which the vendor had notice, he is bound for such consequences as could be foreseen. (Sedgwick on the Measure of Damages, 5th ed., top p. 58, 61, 90, 112, 122.)

In support of the first instruction asked by plaintiff, we cite *Dockham* v. *Smith*, 113 Mass. 320 ; *Cummings* v. *Arnold*, 3 Met. 186, and cases cited *supra* to third point in appellant's brief.

In support of the second instruction asked by defendant, we cite *Grand Tower Company* v. *Phillips*, 23 Wallace, 479, 480.)

Opinion by Turner, Associate Justice.

This was an action in the Court below, to recover damages for the breach of a contract to furnish enough common and faced brick, or pressed brick, to complete a building to be erected at Spokane Falls. The appellant, who was the defendant below, answered, as a defense to the complaint, a prior breach of the contract on the part of the appellees, in failing to pay for brick as they were delivered, and a release upon his part thereby from obligation to further comply with the contract. Numerous questions upon the introduction of testimony for and against this defense arose in the Court below, and exceptions

were reserved to the rulings of the Court thereon, and to instructions given by the Court to the jury concerning defense.

We find no error in said rulings or instructions.

We think, however, that there was no evidence in the case to warrant a verdict for the full amount recovered by appellees.

The damages claimed in the complaint were:

1.   The difference between the purchase price of the brick, which was procured to furnish the building after the breach by the appellant, and the contract price under the contract with appellant.

2.   Damage to the appearance and finish of the building, caused by appellant's failure to furnish pressed or faced brick with which to finish the front of the building, thus rendering it necessary for the appellees to finish the front of the building with common brick.

According to the testimony of appellees, they purchased fifty-seven thousand additional brick with which to finish their building after the default of the appellant, paying $13.50 per thousand for forty thousand, and $15.50 per thousand for the additional seventeen thousand.   As the contract price with the appellant was $9 per thousand, it needs but a simple computation to show that the damage under this head was in the neighborhood of $300.

The verdict against appellant was for $800.   The excess over $300, therefore, must have been for a damage to the appearance and finish of the building, caused by the use of common brick in the finish of the front of the building.   This defect in the building was a proper subject for the computation of damage, if the evidence on the trial had disclosed that it was the necessary result of the breach of the contract by the appellant.

The evidence, however, shows no more than that the appellees, when they found that the appellant would furnish no more pressed brick, changed their plans as to the finish of the front of the building, and concluded to finish it with common brick. It does not show an inability to procure pressed brick from other persons in Spokane Falls, at the same or a less price than they had agreed to pay the appellant.   On the contrary, it shows affirmatively that they failed to make inquiries on the subject before changing their plan of construction.

Under these circumstances, they were not entitled to have a verdict from the jury for damage caused by the change. The damages, therefore, were excessive, and the motion for a new trial based upon that ground should have been granted, unless the appellees had remitted the excess.

No offer to remit having been made in this Court, the judgment of the Court below is reversed, and the cause remanded for further proceedings.

We concur:    JOHN B. HOYT, Associate Justice.

ROGER S. GREENE, Chief Justice.